# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**LEON COLEMAN (# 25546)**                                                                      **PETITIONER**

**v.**                              **No. 3:06CV123-D-A**

**CHRISTOPHER EPPS, ET AL.**                                                       **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Leon Coleman for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded, and the deadline to respond has expired. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies.

### Facts and Procedural Posture

Leon Coleman pled guilty to the sale of cocaine in the Circuit Court of Union County, Mississippi, and for fraud in the Circuit Court of Lafayette County, Mississippi. He was sentenced to serve in the custody of the Mississippi Department of Corrections a term of twelve years for the sale of cocaine conviction and a concurrent term of three years for the fraud conviction.

In the instant petition, Coleman is not challenging his convictions or sentences for sale of cocaine and fraud. Instead, Coleman claims that his sentences have expired and that the Mississippi Department of Corrections has held him in custody beyond his expected release date. The petitioner claims that MDOC records reflect a tentative discharge date of April 28, 2007, rather than the December, 2006, date that the petitioner contends is correct. Mississippi

Department of Corrections records currently reflect a tentative discharge date of April 28, 2007, and a maximum discharge date of August 12, 2008. That tentative discharge date is subject to change if Coleman loses additional earned time.

Officials with the Mississippi Department of Corrections also confirmed that Coleman would currently be eligible for earned release supervision (ERS) if he had submitted an acceptable in-state residence where he would live while under supervision of the MDOC. However, because Coleman has submitted more than the number of potential addresses allowed by MDOC policy, Coleman will not be released until his discharge date when an approved residence is not necessary. The petitioner's tentative discharge date is April 28, 2007. That date is subject to change if Coleman loses earned time, which has already pushed back his release date in the past. Mississippi Department of Corrections records reflect that Coleman has already lost a total of 240 days earned time for rule violations and frivolous lawsuits.

**Discussion**

Petitioner has filed this petition pursuant to 28 U.S.C. § 2254, as amended, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Section 2254(c) also provides:

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Applicants seeking relief under § 2254 must exhaust all claims in state court before seeking federal *habeas corpus* relief. 28 U.S.C. § 2254, *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The petitioner admits that he has not filed a petition for post-conviction in state court challenging his continued incarceration. As a state petition for post-conviction relief is a means for the petitioner to seek relief in state court, the petitioner has not exhausted his state court remedies, and the instant petition for a writ of *habeas corpus* must be dismissed. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 12th day of February, 2007.

/s/ Glen H. Davidson
CHIEF JUDGE